Charles Joseph (CJ 9442)
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

Kingsley & Kingsley, APC
Eric B. Kingsley
16133 Ventura BL., SUITE 1200
Encino, CA 91436
Phone (818) 990-8300
FAX (818) 990-2903
*Pending Pro Hac Vice Admission*

*Attorneys for Plaintiffs and the proposed
Plaintiff Classes*

United States District Court

Western District of New York

| | |
|---|---|
| **TAMMY BRICKEY, BECKY NORMAN, ROSE ROCHOW, SANDRA COGSWELL, and MELINDA SAPPINGTON,** on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**DOLGENCORP, INC.** and **DOLLAR GENERAL CORPORATION,**<br><br>Defendant | Case No.<br><br>**Rule 23**<br><br>**Class Action and FLSA Collective Action**<br><br><br><br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, on behalf of themselves and those similarly situated, allege as follows:

## INTRODUCTION

1.      This is a collective and class action instituted by Plaintiffs to recover

damages on behalf of themselves and other employees for violations of federal and state

wage and hour laws by and on behalf of all employees employed by Defendant as

assistant store managers, assistant managers, floating store managers, floating managers,

floaters, keyholders and similarly situated employees who were employed in stores operated by Defendants Dolgencorp, Inc. and Dollar General Corporation, throughout the United States. Plaintiffs allege that as a result of Defendants' policies, practices and procedures, Plaintiffs and other employees were, among other things, required to work without recording their time and without any compensation ("off the clock"), subjected to the alteration of their time and pay records, and other unlawful conduct which resulted in the denial of their earned compensation in violation of federal and state law.

2.      In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by Defendants as assistant store managers, assistant managers, floating store managers, floating managers, floaters, keyholders and similarly situated employees and who were so employed during the period of time covered by the statute of limitations applicable to the particular claim for relief in which the term "hourly employee" or "class" appears, including periods of time during which the statute of limitations was or may have been tolled or suspended.

3.      In this pleading, "Defendants" means "defendants and each of them," and refers to the defendants named in the particular claim for relief in which the word "Defendants" appears.

4.      The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion. Plaintiffs reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201,

2

*et seq.* (The "FLSA"). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims. The state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this district because a substantial part of the events and omissions giving rise to the claims occurred in this district. Venue is also proper in this district because Defendants are licensed to do business and are doing business in this district; Defendants have conducted substantial, continuous and systematic commercial activities in this district.

## THE PARTIES

7.      Defendant Dollar General Corporation is a Tennessee corporation with its principal place of business in Tennessee. Dollar General is and has been doing business in New York and in 29 other U.S. states. Defendant Dolgencorp, Inc. is a Kentucky corporation with its principal place of business in Tennessee. Dolgencorp., Inc. is and has been doing business in New York and in 29 other U.S. states. Defendants are hereinafter collectively referred to as "Dollar General."

8.   Plaintiff Becky Norman ("Ms. Norman") is a citizen and resident of New York. Ms. Norman was employed by Defendants in East Rochester, New York and Geneseo, New York as an assistant manager from March 2004 until May 2005. Dollar General did not compensate Ms. Norman for all the time she worked. Ms. Norman worked hours in excess of forty (40) hours per workweek without receiving overtime compensation. During her employment with Defendants, Ms. Norman's rights under the FLSA and New York law were violated, as more specifically set forth below.

9.   Plaintiff Tammy Brickey ("Ms. Brickey") is a citizen and resident of Ohio.  Ms. Brickey was employed by Defendants in South Webster, Ohio as an assistant manager from about May 2003 until about March 2004.  Dollar General did not compensate Ms. Brickey for all the time she worked.  Ms. Brickey worked hours in excess of forty (40) hours per workweek without receiving overtime compensation.  During her employment with Defendants, Ms. Brickey's rights under the FLSA and Ohio law were violated, as more specifically set forth below.

10.     Plaintiff Rose Rochow ("Ms. Rochow") is a citizen and resident of Ohio. Ms. Rochow was employed by Defendants as a floating manager in various stores throughout Ohio from about May 2003 until May 2004. Dollar General did not compensate Ms. Rochow for all the time she worked. Ms. Rochow worked hours in excess of forty (40) hours per workweek without receiving overtime compensation. During her employment with Defendants, Ms. Rochow's rights under the FLSA and Ohio law were violated, as more specifically set forth below.

11.     Plaintiff Melinda Sappington is a citizen and resident of Missouri. Ms. Sappington was employed by Defendants as an assistant manager in Springfield, Missouri from February 2004 until present. Dollar General did not compensate Ms. Sappington for all of the time she worked. Ms. Sappington worked hours in excess of forty (40) hours per workweek without receiving overtime compensation. During her employment with Defendants, Ms. Sappington's rights under the FLSA were violated.

12.     Plaintiff Sandra Cogswell is a citizen and resident of Missouri. Ms. Sappington was employed by Defendants as a keyholder in Springfield, Missouri from May 2005 until August 2005. Dollar General did not compensate Ms. Sappington for all

of the time she worked. Ms. Sappington worked hours in excess of forty (40) hours per workweek without receiving overtime compensation. During her employment with Defendants, Ms. Sappington's rights under the FLSA were violated.

13.     Plaintiffs are informed and believe and thereon allege that at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and the other Covered Employees, and exercised control over the wages, hours, and working conditions of Plaintiffs and the other hourly employees.  Plaintiffs are informed and believe and thereon allege that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiffs bring the First Claim for Relief, for violations of the FLSA, as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves and all Covered Employees who were, are, or will be employed by Defendants on or after the date that is three years before the filing of the complaint in this case  (the "FLSA Class Period"), in any position which Dollar General compensates on an hourly basis.

15.     At all relevant times, Plaintiffs and the Covered Employees are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendant' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a rate of time and a half for work in excess of forty (40) hours per workweek, willfully failing to keep records required by the FLSA, and willfully failing and refusing to pay them any compensation for work, particularly hours worked over (40) in a workweek. The claims of Plaintiffs stated herein are similar to those of the other Covered Employees.

16.     The First Claim for Relief is properly brought and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The Covered Employees are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the Covered Employees via first class mail to the last address known to their employer or by other means permitted by applicable law.

17.     Attached hereto are signed consents by Ms. Brickey, Ms. Norman, Ms. Rochow, Ms. Sappington, and Ms. Cogswell to be parties plaintiffs in the FLSA claims alleged herein. Plaintiffs are informed and believe and thereon allege that a great many other Covered Employees will sign and file such consents.

## RULE 23 CLASS ALLEGATIONS - OHIO

18.     Plaintiffs Brickey and Rochow ("Ohio Plaintiffs") bring their Ohio state law claim, pursuant to the Ohio Minimum Fair Wage Standards Act, R.C.§§ 4111.01, *et seq.* ("OMFWSA"), under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who were, are, or will be employed by Defendants on

or after the date that is two years before the filing of the complaint in this case (the "Ohio Class Period").

19.      The proposed class that the Ohio Plaintiffs seek to represent is defined as all persons who have been, are, or in the future will be employed in Ohio by Defendants in any of their stores which Defendants compensate on an hourly basis. All said persons, including Plaintiffs Brickey and Rochow, are referred to herein as the "Ohio Class." The class members are readily ascertainable. The number and identity of the Ohio Class members are determinable from the records of Defendants, as are the shifts assigned and worked, the positions held, and the rates of pay for each Ohio Class member. For purposes of notice and other purposes related to this action, their names and addresses and readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. Proc.23.

20.      The proposed Ohio Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than a three hundred and fifty (350) members of the Ohio Class.

21.      The claims of the Ohio Plaintiffs are typical of those claims which could be alleged by any member of the Ohio Class, and the relief sought is typical of the relief which would be sought by each member of the Ohio Class in separate actions. All the Ohio Class members were subject to the same corporate policies and practices of Defendants, as alleged herein, of altering employees' time records, regularly failing to

pay employees the minimum wage by requiring them to work "off the clock," failing to properly compensate employees overtime, and failing to maintain accurate records. Defendants' corporate-wide policies and practices affected all Ohio Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Ohio Class member. The Ohio Plaintiffs and other Ohio Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     The Ohio Plaintiffs are able to fairly and adequately protect the interests of the Ohio Class and have no interests antagonistic to the class. The Ohio Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Ohio Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Ohio Class members to redress the wrongs done to them. On the other hand, important public interests will be

served by addressing the matter as a class action.  The cost to the court system and the public adjudication of individual litigation claims would be substantial and substantially more than if the claims were treated as a class action.  The prosecution of separate actions by individual members of the Ohio Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Ohio Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, classwide proof.  In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.    Upon information and belief, Defendants and other employers throughout the state violate the OMFWSA.  Their current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Their former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

25.    There are questions of law and fact common to the Ohio Class which predominate over any questions affecting only individual class members, including:

    i.  Whether Defendants employed or jointly employed the Ohio Plaintiffs and the Ohio Class within the meaning of the Ohio law.

    ii.  What proof of hours is sufficient where Defendants failed in their

duty to maintain time records.

iii.  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

iv.  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

v.  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked.

vi.  Whether Defendants failed and/or refused to pay the Ohio Plaintiffs and the Ohio Class premium pay for hours worked in excess of forty per workweek within the meaning of Ohio law.

vii.  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the class members at all.

viii.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work.

ix.  What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at overtime rates for overtime work.

x.  What are the common conditions of employment and in the

10

workplace, such as record keeping, breaks, and policies and

practices regarding labor budgeting, that affect whether the class

was paid at least the minimum wage for all work.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

26.       Plaintiff Norman ("New York Plaintiff") brings her New York Minimum

Wage Act claim, pursuant to N.Y. Lab. Law §§ 650, *et seq.* ("NYMWA"), under Rule

23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons

who were, are, or will be employed by Defendants on or after the date that is six years

before the filing of the complaint in this case (the "New York Class Period").

27.       The proposed class that the New York Plaintiff seeks to represent is

defined as all persons who have been, are, or in the future will be employed in New York

by Defendants in any of their stores in any position which Defendants compensate on an

hourly basis. All said persons, including Plaintiff Norman, are referred to herein as the

"New York Class." The class members are readily ascertainable. The number and

identity of the New York Class members are determinable from the records of

Defendants, as are the shifts assigned and worked, the positions held, and the rates of pay

for each New York Class member. For purposes of notice and other purposes related to

this action, their names and addresses are readily available from Defendants. Notice can

be provided by means permissible under said Fed. R. Civ. Proc. 23.

28.       The proposed New York Class is so numerous that joinder of all members

is impracticable, and the disposition of their claims as a class will benefit the parties and

the court. Although the precise number of such persons is unknown, and the facts on

which the calculation of that number are presently within the sole control of Defendants,

upon information and belief, there are more than two hundred (200) members of the New York Class.

29.     The claims of the New York Plaintiffs are typical of those claims which could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.  All the New York Class members were subject to the same corporate practices of Defendants, as alleged herein, of altering employees' time records, requiring employees to work "off the clock," regularly failing to pay employees their "spread-of-hour" wages, and failing to maintain accurate records.  Defendants' corporate-wide policies and practices affected all New York Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Ohio Class member.  Mr. Norman and other New York Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

30.     The New York Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the class. The New York Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

31.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual New York Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual New York Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public adjudication of individual litigation claims would be substantial and substantially more than if the claims were treated as a class action. The prosecution of separate actions by individual members of the New York Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the New York Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

32.     Upon information and belief, Defendants and other employers throughout the state violate the NYMWA. Their current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Their former employees are fearful of brining claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

33.     There are questions of law and fact common to the New York Class which predominate over any questions affecting only individual class members, including:

    i. Whether Defendants employed or jointly employed the New York Plaintiff and the New York Class within the meaning of the Ohio law.

    ii. What proof of hours is sufficient where Defendants failed in their duty to maintain time records.

    iii. What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

    iv. What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

    v. What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages at least minimum wages for all hours worked.

    vi. Whether Defendants failed and/or refused to pay the New York Plaintiff and the New York Class premium pay for hours worked in excess of forty per workweek within the meaning of New York law.

    vii. Whether Defendants failed and/or refused to pay the New York Plaintiff and the New York Class the "spread of hour" wage.

    viii. What are and were the policies, practices, programs, procedures,

protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the class members at all.

ix.   At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the class members for their work.

x.   What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at overtime rates for overtime work.

xi.   What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the class was paid at least the minimum wage for all work.

## FACTS

34.     Upon information and belief, Defendants operate over 400 stores in Alabama and over 7,700 stores throughout the United States.

35.     Upon information and belief, in each of its stores, Defendants employ at least one assistant store manager (or assistant manager or floating store manager or floating manager or floater) and several other hourly employees.

36.     Plaintiffs were paid an hourly rate for work performed.  Covered Employees, New York Class members and Ohio Class members were paid an hourly rate for work performed.

37.     According to Defendants' policies and practices, all employees are required to record their time worked in Defendants' computer time system located at each

15

cash register at the beginning and end of each shift and before and after breaks. Specifically, pursuant to policy and practice, each employee is instructed to record when s/he reports to work and to record the time at which s/he stops working each day. The record of each employee's time is known as a "time card."

38.     Upon information and belief, Defendants' corporate and intermediate managers constantly pressured store managers to reduce their costs and to stay under or within a budge set by Defendants of labor hours and compensation of each store. If store managers exceeded budgeted and scheduled labor hours, they were subjected to formal or informal discipline. If store managers reduced their costs and stayed within budgeted and scheduled labor hours, they were granted bonuses, raises and other incentives. In order to succeed in this system, store managers were induced to violate federal and state wage and overtime laws and regulations.

39.     Specifically, upon information and belief, Defendants' store managers, with the knowledge and consent of corporate management, systemically violated the law throughout all of Defendants' stores, in the following respects:

> 1. Requiring hourly employees to work "off the clock" on a regular basis without recording their time by requiring employees to work through their lunch, although they had "clocked out" and were thus not compensated for that time and by requiring employees to work after their shifts, although they had "clocked out" and were thus not compensated for that time;
>
> 2. Inducing employees to work "off the clock" by promising

employees that their "off the clock" time would be applied or would "carry over" to the following week and credited as hours worked for that week (though frequently failing to follow-through on this promise);

3. Failing to pay earned compensation for employees' work;

4. Failing to pay employees at the proper rate for hours worked in excess of forty hours per week; and

5. Failing to maintain accurate records of employees' time.

40.     As set forth above, Ms. Brickey was employed by Defendants in South Webster, Ohio as an assistant manager from about May 2003 until about March 2004. During this time, Ms. Brickey was required on a regular basis to work "off the clock." During this time, Ms. Brickey's store manager regularly altered her time records by reducing her recorded hours. Accordingly, Ms. Brickey has sustained substantial losses from Defendants' failure to pay her overtime compensation and altering of her time records.

41.     As set forth above, Ms. Rochow was employed by Defendants as a floating manager in various stores throughout Ohio from May 2003 until May 2004. During this time, Ms. Rochow was required on a regular basis to work "off the clock." Accordingly, Ms. Rochow has sustained substantial losses from Defendants' failure to pay her overtime compensation and altering of her time records.

42.     As set forth above, Ms. Norman was employed by Defendants in East Rochester, New York and Geneseo, New York as an assistant manager from March 2004 until May 2005. During this time, Ms. Norman was required on a regular basis to work

"off the clock." Accordingly, Ms. Norman has sustained substantial losses from Defendants' failure to pay her overtime compensation and altering of her time records.

43.         Upon information and belief, other hourly employees who worked for Defendants' stores throughout New York, Ohio, Alabama, Texas and the United States and who are FLSA Collective Plaintiffs or members of the Ohio Class and/or the New York Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

44.         Defendants, through their corporate management and regional and district managers, have deliberately trained, supervised, instructed, and authorized store managers to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

## FIRST CLAIM FOR RELIEF
### (By the Covered Employees Against For FLSA Overtime and Record Keeping Violations)

45.         Paragraphs 1 – 44 are incorporated here.

46.         At all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(d) . At all relevant times, Defendants have employed, and continue to employ the Covered Employees as "employee[s]" within the meaning of the FLSA, 29 U.S.C. § 203(e).  At all relevant times, Defendants has had gross operating revenues in excess of $500,000.

47.         Throughout the FLSA Class Period, Plaintiffs and the other Covered Employees regularly worked in excess of forty (40) hours per workweek, and continue to do so.

48.     At all relevant times, each Defendant has had, and continues to have common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Covered Employees at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

49.     At all relevant times, Defendants, through its policies and practices described above, violated the FLSA throughout the FLSA Period, as follows:

1.  By failing to pay Plaintiffs and the other Covered employees overtime compensation for hours of work they performed for Defendants in excess of 40 hours per week;

2.  By regularly and routinely requiring plaintiffs and the other Covered Employees to work "off the clock" and failing to record, report, and/or compensate Plaintiffs and the Covered Employees for compensable time performed during their lunch break and before and after their regularly scheduled shifts.

3.  By failing to make, keep and preserve accurate time records with respect to plaintiffs and other FLSA Collective Plaintiffs sufficient to determine their wages and hours; and

4.  By other practices in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

50.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

51.     As set forth above, Plaintiffs and the other Covered Employees have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiffs, on behalf of themselves and the Covered Employees, seek damages in the amount of their respective unpaid compensation, [unpaid minimum wage compensation], and liquidated damages as provided by FLSA, 29 U.S.C. § 216(b), injunctive relief requiring Defendants to cease and desist from their violations of the FLSA described herein and to comply with the FLSA, and such other legal and equitable relief as the Court deems just and proper.

52.     Plaintiffs, on behalf of themselves and the Covered Employees, seek recovery of their attorneys' fees and the costs of this action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (Ohio State Law Claims)

53.     Paragraphs 1 - 25 and 34-44 are incorporated here.

54.     At all relevant times, Defendants have employed, and continue to employ the Ohio Plaintiffs and the Ohio Class members as "employee[s]" within the meaning of the OMFWSA, Ohio Rev. Code § 4111.0.  At all relevant times, Defendants' annual gross volume of sales made for business done exceeded $150,000.00.

55.     Throughout the Ohio Class Period, Ohio Plaintiffs and the Ohio Class members regularly worked in excess of forty (40) hours per workweek, and continue to do so.

56.     At all relevant times, each Defendants have had, and continues to have common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Ohio Plaintiffs and the Ohio Class members at

time and a half rates for work in excess of forty (40) hours per workweek, and willfully

failing to keep records required by the OMFWSA.

57.     At all relevant times, Defendants, through their policies and practices

described above, violated the OMFWSA throughout the Ohio Period, as follows:

    a.  By failing to pay the Ohio Plaintiffs and the Ohio Class members overtime

       compensation for hours of work they performed for Defendants in excess

       of 40 hours per week;

    b.  By regularly and routinely requiring the Ohio Plaintiffs and the Ohio Class

       members to work "off the clock" and failing to record, report, and/or

       compensate the Ohio Plaintiffs and the Ohio Class members for

       compensable time performed during their lunch break and before and after

       their regularly scheduled shifts.

    c.  By failing to make, keep and preserve accurate time records with respect

       to the Ohio Plaintiffs and the Ohio Class members sufficient to determine

       their wages and hours; and

    d.  By other practices in violation of the OMFWSA.

58.     The foregoing conduct, as alleged above, constitutes continuing, willful

violations of the OMFWSA.

59.     Defendant willfully failed to pay Ohio Plaintiff and Ohio Class all wages

owed to them, in violation of Ohio Rev. Code §§ 4111.10 and 4113.5.

60.     As set forth above, the Ohio Plaintiffs and the Ohio Class members have

sustained losses in their compensation as a proximate result of Defendants' violations.

Accordingly, the Ohio Plaintiffs, on behalf of themselves and the Ohio Class members,

have sustained losses in their compensation as a proximate result of Defendants'

violations.  Accordingly, New York Plaintiffs, on behalf of themselves and the New York

Class, seek damages in the amount of their respective unpaid compensation, injunctive

relief requiring Defendants to cease and desist from their violations of the New York

laws described herein and to comply with them, and such other legal and equitable relief

as the Court deems just and proper.  Under NYMWA, NY Lab. Code §§ 198 and 663-6,

New York Plaintiffs and the New York Class are entitled to liquidated damages equal to

25% of the back pay the are owed.

71.      Plaintiffs, on behalf of themselves and the New York Class, seek recovery

of their attorneys' fees and the costs of this action to be paid by Defendants, pursuant to

New York Labor Law §§ 198 and 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.      Designation of this action as a collective action on behalf of the

Covered Employees (asserting FLSA claims) and prompt issuance of notice pursuant to

29 U.S.C. § 216(b) to all Covered Employees, apprising them of the pendency of this

action, and permitting them promptly to file consents to be party plaintiffs in the FLSA

claims in this action.

B.      Designation of Plaintiffs as Representatives of the Covered

Employees.

C.      Certification of the Ohio state law claims a class action pursuant to

Fed. R. Civ. Proc. 23(b)(2) and (3).

D.    Certification of the New York state law claims as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and (3).

E.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, New York law, and Ohio law.

F.    An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein.

G.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants.

H.    Penalties available under applicable law.

I.    Costs of action incurred herein, including expert fees.

J.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, and other applicable state law.

K.    Pre-Judgment and Post-Judgment interest, as provided by law.

L.     Such other and further legal and equitable relief as this Court

deems necessary, just, and proper.

Respectfully submitted,

Dated: New York, New York
      February ⁷⁄ , 2006

By: _____
      Charles Joseph (CJ 9442)

Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY  10017
Tel. (212) 688-5640
Fax  (212) 688-2548

Kingsley & Kingsley, APC
Eric B. Kingsley
16133 Ventura BL., SUITE 1200
Encino, CA 91436
Phone (818) 990-8300
FAX (818) 990-2903
*Pending Pro Hac Vice Admission*

*Attorneys for Plaintiffs and the proposed Plaintiff
Class*

## DEMAND FOR JURY TRIAL

A.     Plaintiffs hereby demand a jury trial on all causes of action and

claims with respect to which they have a right to jury trial.

26

## CONSENT TO BE "PARTY PLAINTIFF" UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am a former or current employee of Dollar General.

I consent to become a "party plaintiff" in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against Dollar General, on behalf of myself and other former and current employees of Dollar General.

_Sandra L. Cogswell_
Print Name

_Sandra R. Cogswell_
Signature

_9.18.05_
Date

## CONSENT TO BE "PARTY PLAINTIFF" UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am a former or current employee of Dollar General.

I consent to become a "party plaintiff" in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against Dollar General, on behalf of myself and other former and current employees of Dollar General.

_Tamela G. Brickey_
Print Name

_Tamela S. Brickey_
Signature

_April 20 04_
Date

## CONSENT TO BE "PARTY PLAINTIFF" UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am a former or current employee of Dollar General.

I consent to become a "party plaintiff" in a Fair Labor Standards Act (FLSA) lawsuit, seeking        payment of unpaid wages, including overtime wages, and related relief against Dollar General, on        behalf of myself and other former and current employees of Dollar General.

*Melinda Sappington*
Print Name

*Melinda Sappington*
Signature

*3-24-5*
Date

## CONSENT TO BE "PARTY PLAINTIFF" UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am a former or current employee of Dollar General.

I consent to become a "party plaintiff" in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against Dollar General, on behalf of myself and other former and current employees of Dollar General.

Beckie Norman
Print Name

Beckie Norman
Signature

4-13-05
Date

## CONSENT TO BE "PARTY PLAINTIFF" UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

i am a former or current employee of Dollar General.

I consent to become a "party plaintiff" in a Fair Labor Standards Act (FLSA) lawsuit, seeking payment of unpaid wages, including overtime wages, and related relief against Dollar General, on behalf of myself and other former and current employees of Dollar General.

Rose Rochou
_____
Print Name

Rose Rochou
_____
Signature

12-17-04
_____
Date