UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAMMY BRICKEY. et al.,

                        Plaintiffs,

                                                            DECISION AND ORDER

                                                            06-CV-6084L

              v.

DOLENCORP, INC., et al.,


                        Defendants.
_____


     Plaintiffs, former employees of defendants, seek to bring a nationwide collective action under the FLSA, as well as a class action pursuant to Fed. R. Civ. Proc. 23, to recover for unpaid overtime. It is alleged that the proposed class may embrace employees of defendants in as many as thirty-four (34) different states.

     Relying on 28 U.S.C. §1367, which grants this Court supplemental jurisdiction over state law claims arising out of the "same case or controversy" as plaintiffs' federal claims, four of the plaintiffs also assert violations of the wage and hour laws of their respective states. Pursuant to Fed. R. Civ. Proc., plaintiffs purport to assert their state law claims on behalf of themselves and all similarly situated employees.

Defendants have moved to dismiss plaintiffs' Rule 23 state law class claims pursuant to Fed. R. Civ. Proc. 12(c), on the grounds that the Court cannot, or should not, exercise supplemental jurisdiction over absent Rule 23 class members.

Primarily, defendants argue that this Court lacks supplemental jurisdiction in the first instance, because the plaintiffs have failed to demonstrate, as required by 28 U.S.C. §1367(a), that their state law claims and FLSA claims are "part of the same case or controversy under Article III of the United States Constitution." Specifically, defendants urge that plaintiffs have failed to identify or demonstrate a "common nucleus of fact," such as a specific corporate policy uniformly applied to all putative plaintiffs.

In the alternative, defendants argue that even if the Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to Fed. R. Civ. Proc. 23, the Court should decline to exercise that jurisdiction. Defendants point out that plaintiffs' state law class claims involve the laws of four different states, and that the ultimate number of state laws presented may rise precipitously as the case proceeds, since other employees who opt into the FLSA collective action from the other thirty states in which defendants maintain stores could assert their own state law claims under the same supplemental jurisdiction invoked by the four named plaintiffs. Defendants also argue that exercising supplemental jurisdiction would allow plaintiffs to circumvent the FLSA's Congressionally mandated procedures, taking advantage of the earlier tolling of claims and opt-out procedures of Rule 23 instead of the FLSA's more stringent standards, and would prove unduly complicated and confusing.

I find defendants' arguments to be unavailing.  "In deciding a Rule 12(c) motion, [courts] apply the same standard as that applicable to a motion under Rule 12(b)(6).  Under that test, a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant."  *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987).  The Court notes that the traditional Rule 12(b)(6) test, which permitted dismissal only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," has recently been changed by the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, 127 S. Ct. 1955 (May 21, 2007), which conclusively retired the "no set of facts" test and held that "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65 (citations omitted).  *See e.g.*, *Ashcroft v. Dept. of Corrections*, 2007 U.S. Dist. LEXIS 49079 (W.D.N.Y. 2007) (discussing and applying the *Bell Atlantic Corp.* standard).

Plaintiffs' Amended Complaint (Dkt. #8) alleges that defendants pressured store managers to reduce the costs of employee compensation and rewarded managers for staying within budgeted and scheduled labor hours, and that store managers, with the knowledge and consent of corporate management, responded by violating the FLSA and state laws.  Specifically, plaintiffs allege that store managers: (1) routinely required hourly employees to work "off the clock" performing tasks such as paperwork and bank deposits, without compensation or with improperly calculated

compensation, sometimes promising to credit or carry over those hours but failing to do so; (2) failed to pay earned compensation, (3) failed to pay employees at the proper rate for overtime hours, and failed to maintain accurate time and pay records.  Plaintiffs further allege that all of the putative class members, employees of defendants, were under-compensated pursuant to the same scheme.

Accepting plaintiffs' allegations as true and drawing all reasonable inferences in plaintiffs' favor, these allegations identify and describe a common nucleus of fact which goes well beyond a "formulaic recitation" of the elements of plaintiffs' FLSA and state law claims, and are sufficiently specific to "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S. Ct.at 1964-65.  Nothwithstanding defendants' arguments to the contrary, there is simply no basis for the Court to require that plaintiffs responding to a Rule 12(c) motion, without the benefit of discovery, concretely prove all of the specifics relating to the policies and practices they have alleged.

I further find that there is no basis, at this juncture, to decline to exercise supplemental jurisdiction over the plaintiffs' state law claims.  28 U.S.C. §1367(c) provides that a court may decline to exercise supplemental jurisdiction, "if . . . the [state] claim substantially predominates over the [federal] claim or claims over which the district court has original jurisdiction [or] in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §1367(c)(1), (4).

In determining whether it is appropriate to decline jurisdiction, the court will also "consider whether, *inter alia* 'judicial economy, convenience and fairness to litigants' favor hearing the state and federal claims together." *Glewwe v. Eastman Kodak Company*, 2006 U.S. Dist. LXIS 33449 at *13 (W.D.N.Y. 2006), *quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Here, the

Amended Complaint invokes the laws of four states, all of which are largely parallel to the FLSA. As such, the state claims do not, at present, appear to threaten predomination over the plaintiffs' FLSA claims, and the interests of judicial economy, convenience and fairness to the parties favor hearing the plaintiffs' FLSA and state law claims together.  Plaintiffs have, however, admitted that they may later seek to amend the complaint to assert claims by plaintiffs from other states.  In the event such leave is hereafter sought, the Court may revisit the question of whether predominance issues or concerns of judicial economy have rendered the continued exercise of supplemental jurisdiction inappropriate.

Nor do the discrepancies between the Rule 23 and FLSA opt in/opt-out procedures present "compelling reasons" to decline jurisdiction.  Rule 23 and FLSA actions are routinely prosecuted together, and the complexities of Rule 23 and FLSA hybrid actions are a challenge that the federal judiciary, and properly instructed juries, are generally well-equipped to meet.  *See e.g., Lindsay v. Government Employees Ins. Co., 448 F.3d 416 (D.C. Cir. 2006).*

For the foregoing reasons, defendants' motion to dismiss (Dkt. #25) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 29, 2007.

- 5 -