UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMMY BRICKEY, BECKY NORMAN, ROSE ROCHOW, SANDRA COGSWELL, MELINDA SAPPINGTON, and JENNIFER ANDERSON, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOLGENCORP, INC. and DOLLAR GENERAL CORPORATION,<br><br>Defendants. | Case No.: 06-CV-06084 (DGL)<br><br>**JOINT MOTION FOR ORDER APPROVING SETTLEMENT** |

PLEASE TAKE NOTICE that Plaintiffs Becky Norman, Rose Rochow, Sandra Cogswell, and Melinda Sappington and Opt-In plaintiffs Patrick Keith, Chanda Thomas, Mary Lou Weisend, Christine Mabery, Chris Jackson, Elizabeth Cooper, Sandy Jenkins, Darshon Rivera, Grace Fricke, Jamie Miles, Christina Bare, Lora Butz, Mary Peck, Wendi Pritchett, Juanita Nelson, Angie Schwarz, Pauline Ford, Paula Pickering, Paula Betancourt, Tiffany Bacon, Debra A. Scarlett and Sadie Reynolds[1] (collectively, the "Plaintiffs") and Defendant Dolgencorp, Inc. and Dollar General Corporation ("Defendants") (Plaintiffs and Defendants collectively referred to herein as "Parties") by their undersigned counsel, hereby move this Court for an Order: (1) pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") approving each settlement reached by the Parties in the above-referenced action; and (2) dismissing each of

---

[1] Named Plaintiffs Tammy Brickey and Jennifer Anderson, as well as Opt-In Plaintiffs Dorothy McMahan, Monica Earll, John Schutt, and Laurie Sandner have been unreachable by Plaintiffs' counsel and therefore are not settling with Defendants. Plaintiffs' counsel is filing contemporaneously with this motion a voluntary dismissal of these individuals without prejudice.

**JOINT MOTION FOR ORDER APPROVING SETTLEMENT – PAGE 1**

DB1/ 75391613.2

Plaintiff's actions in their entirety, with prejudice to the refiling of the same. In support of their Joint Motion, Plaintiffs and Defendants state as follows:

## I.
## INTRODUCTION

In this Fair Labor Standards Act ("FLSA") action, the Plaintiffs and Defendant jointly request that the Court enter a stipulated order approving the settlements reached between the Parties. The Parties have carefully and exhaustively negotiated settlements in this action, which was originally filed in 2006. The Parties have agreed to resolve the disputed factual and legal issues on terms set forth in settlement agreements, which are described below (the "Agreements").

Pursuant to the Agreements, the Parties seek approval of the settlements. As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the Parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. *See also Boone v. City of Suffolk, Va.*, 79 F. Supp. 2d 603, 605 (E.D. Va. 1999) (FLSA overtime settlement must be overseen by the Department of Labor or approved for fairness and reasonableness by a district court); *Simel v. J.P. Morgan Chase*, 2007 WL 809689 (S.D.N.Y. 2007) (parties settlement must be either supervised by the Department of Labor or the court); *Elliott v. Allstate Investigations, Inc.* 2008 WL 728648 (S.D.N.Y. 2008).

The Parties request that this Court review these settlements under the procedures and standards set forth in *Lynn's Food Stores*. The Court will find, after scrutinizing the settlements, that the agreements are fair and should be approved. The settlement agreements reflect a

reasonable compromise of issues actually in dispute, the settlements were reached in an adversarial context in which the Plaintiffs were represented by competent and experienced counsel, and the totality of the proposed settlements are fair and reasonable.

## II.
## PROCEDURAL HISTORY

This action was original filed in this Court on February 9, 2006, alleging that Defendant violated the FLSA and state law wage and hour claims, and seeking class and collective action treatment of the case. On March 2, 2009, Plaintiffs moved for conditional certification of a nationwide collective action class of Dollar General hourly store employees. On June 30, 2009, Plaintiffs also filed a motion to certify several classes of state law claims under FED. R. CIV. P. 23. After extensive briefing by the parties, on February 23, 2011, the Court entered an order denying Plaintiffs' class certification motions.

Plaintiffs claim that they worked for the Defendant and were required to work "off-the-clock" performing various tasks for various amounts of time. Plaintiffs alleged they worked more than 40 hours in some workweeks and, as a result, were denied overtime owed to them because they were not paid overtime for hours worked over 40. Defendant denies that Plaintiffs were required to work "off-the-clock" and denies that Plaintiffs were entitled to any compensation. Defendant continues to deny any wrongdoing whatsoever and does not admit to any violation of law, statute, or regulation.

Subsequent to the Court's order dismissing Plaintiffs' class allegations, the parties negotiated for more than a year in order to achieve a mutually-agreeable resolution of the claims of the Named Plaintiffs and those who had filed consents to opt-in to the litigation.

# III.
# THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENTS

A. **Legal Standards for Enforceability of an FLSA Settlement Where Plaintiff is Represented by Counsel in Adversarial Setting**

In order to ensure that the employer is relieved of liability, a compromise of an FLSA claim either must be supervised by the Secretary of Labor or approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions. *Id*. at 1354. In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the *Lynn's Food Stores* court stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354. If the settlement terms meet the criteria above, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id*. Recent case law has relaxed the interpretation of the level of court scrutiny necessary for enforceability of an FLSA settlement agreement when Plaintiffs are represented by counsel in an adversarial setting.

Here, Plaintiffs were represented by counsel in an adversarial proceeding. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (*Lynn's Food* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff-employee is represented by counsel) (followed by *Fernandez v. A-1 Duran Roofing, Inc.,* 2013

U.S. Dist. LEXIS 35821 (S.D. Fla. Feb. 25, 2013) (holding that court approval is unnecessary, but to the extent it is, approving settlement); *Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). Under the *Martin* court's interpretation of the *Lynn's Food* holding, representation by counsel in an adversarial setting is all that is necessary to ensure that an FLSA settlement is fair and enforceable. Accordingly, this Court should approve the settlement agreements because the settlements were achieved in an adversarial context, the Plaintiffs are represented by competent and experienced counsel and the settlement agreements reflect a reasonable compromise over disputed issues.

Moreover, the settlement provisions in each settlement agreement are fair and reasonable. The *Lynn's Food Stores* court essentially established four factors for a district court to examine to determine whether to approve a FLSA Settlement:

 a. Was the settlement achieved in an adversarial context?

 b. Was the Plaintiff represented by attorneys who can protect their rights?

 c. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?

 d. Is the settlement fair?

*Id*. at 1353-54.

The settlements here were negotiated at arm's length by experienced counsel who protected the rights of the Parties. The settlements reflect reasonable compromises regarding *bona fide* disputes between the Parties with respect to liability and the amount of same under the FLSA.

Additionally, the Court should take into account the risks inherent in litigation in evaluating the settlement. "The fact that a proposed settlement may only amount to a fraction of

the potential recovery does not indicate that the settlement is not fair and reasonable," after taking into account the risks and costs of litigation. *Quintanilla v. A&R Demolition Inc.*, No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449 (S.D. Tex. May 7, 2008) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)).  Here, Plaintiffs ultimately may recover nothing if these claims were to proceed through trial. Additionally, given the length of this litigation, several of the original Named Plaintiffs and other Opt-Ins can no longer even be found. Even if Plaintiffs were to prevail at trial on the issue of liability, a process likely to consume several more months, Plaintiffs' damages might not exceed the amount to which Plaintiffs have agreed to settle at this stage. Finally, the settlement is the product of arms-length bargaining conducted by experienced legal counsel.  Settlements need not put Plaintiffs in as good a position as they would be if they prevailed at trial. Indeed, in light of the fact-specific nature of these individualized claims, the Court could not fairly make any reliable determination of what a "full recovery" at trial might be without actually having the trial.

For these reasons, the endorsement of the settlement by counsel for all Parties is a "factor that weighs in favor of approval." *Quintanilla*, 2008 U.S. Dist. LEXIS at *15.  In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation. *Id.* at *14 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)).  In this case, Plaintiffs' attorneys are fully aware of the factual contentions of their clients and are in the best position to opine as to whether this settlement produces fair results after consideration of risks.

# IV.
# ADDITIONAL FACTORS TO CONSIDER IN ASSESSING REASONABLENESS OF SETTLEMENT

Defendants asserts that their potential exposure to Plaintiffs' individual claims is limited, if any. As demonstrated in the parties' class certification briefing, Plaintiffs claimed varying amounts of time allegedly worked "off the clock" for differing miscellaneous tasks, and many admitted that the "off-the-clock" claims applied to their work performed under some supervisors, but not others. Further, many Plaintiffs admitted claimed that they did not usually or regularly work more than 40 hours in a workweek. Thus, insofar as the FLSA requires only payment of minimum wages and overtime—and Plaintiffs were not asserting claims under the FLSA for minimum wages—Plaintiffs' claims, on an individual basis, do not represent large claims. *See United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960) (holding that the FLSA only recognizes causes of action for overtime and minimum wages, and not unpaid "straight time" wages). Similarly, many Plaintiffs worked for relatively brief periods at Dollar General stores for wages ranging from minimum wage to a few dollars more per hour.

The Parties have entered the proposed confidential settlement agreements to avoid the necessity, expense, inconvenience and uncertainty of continued litigation over inherently small and individualized claims. The Parties, with the Court's approval, would like to resolve and settle all claims and disputes between them arising out of, or in any way related to Plaintiffs' claims under the FLSA. Following the Parties' negotiations, each Plaintiff entered into a separate confidential settlement agreement with Defendants. While not intending to waive the confidential nature of these settlement agreements, the Parties stand ready to submit the amount of each settlement, or copies of the settlement agreements themselves, for *in camera* inspection in the event the Court finds it necessary to assess the reasonableness of these settlements.

# V.
# CONCLUSION

The Parties believe that the settlements reached were fair and reasonable compromises of the respective positions of the Parties. The Parties therefore respectfully request the Court approve the settlements and enter the Proposed Order submitted contemporaneously herewith. Entry of the Proposed Order will "secure the just, speedy and inexpensive determination" of this action in accordance with FED. R. CIV. P. 1.

Respectfully submitted this the 18th day of October, 2013.

By: *s/Charles E. Joseph*
Charles E. Joseph
**JOSEPH AND HERZFELD, LLP**
757 Third Avenue, Suite 2500
New York, NY 10017
Telephone: 212.688.5460
Facsimile:  212.688.2548

Ira Spiro
California Bar No. 67641
*Admitted Pro Hac Vice*
Gregory N. Karasik
California Bar No. 115834
*Admitted Pro Hac Vice*
**SPIRO MOSS BARNESS LLP**
11377 West Olympic Boulevard, 5th Floor
Los Angeles, CA 90064
Telephone: 310.235.2468
Facsimile:  310.235.2456

**ATTORNEYS FOR PLAINTIFFS**

By *s/Joel S. Allen*
Ronald E. Manthey
Texas Bar No. 12927400
*Admitted Pro Hac Vice*
Joel S. Allen
Texas Bar No. 00795069
*Admitted Pro Hac Vice*
Paulo B. McKeeby
Texas Bar No. 00784571
*Admitted Pro Hac Vice*
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, Texas 75201
Telephone: 214.466.4000
Facsimile:  214.466.4001

Kathleen M. Sellers
**HODGSON RUSS LLP**
One M&T Plaza, Suite 2000
Buffalo, NY 14203
Telephone: 716.856.4000

**ATTORNEYS FOR DEFENDANTS DOLGENCORP, INC. and DOLLAR GENERAL CORPORATION**